

Case 05-33275    Filed 12/29/05    Doc 15

FILED

DEC 2 9 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                              ) Case No. 05-33275-C-7
                                   )
TERRY LYNNE LEVEA,                 )
                                   )
            Debtor.                )
                                   )
_____)

MEMORANDUM DECISION

The Chapter 7 debtor's petition was filed September 30, 2005. The debtor and the chapter 7 trustee have stipulated to the extension of the deadlines to file complaints under 11 U.S.C. §§ 523(a) and 727(a), to file motions to dismiss under 11 U.S.C. § 707, and to object to exemptions under 11 U.S.C. § 522.

There are four problems.

First, the extensions are not for the benefit of just the trustee. Even though the stipulation is limited to the trustee, the proposed order is broadly worded to make all parties in interest the beneficiaries of the extensions. No other party in interest, however, has asked for an extension of any deadlines or joined in the trustee's request for an extension. Therefore, the extension will be limited to just the trustee.

Second, to the extent the trustee is seeking to extend the deadline set by Fed. R. Bankr. P. 4007(c) for the filing of dischargeability complaints under 11 U.S.C. § 523(c), the trustee

1  lacks standing to request the extension. Complaints under section
2  523(c) must be based on pre-petition conduct. The trustee holds no
3  pre-petition claim against the debtor which can be made
4  nondischargeable.
5      Third, 11 U.S.C. § 707(b) and Fed. R. Bankr. P. 1017(e)(1)
6  provide that a motion to dismiss a petition pursuant to section
7  707(b) may be brought only by the United States Trustee.
8  Consequently, an extension of the deadline for filing a motion under
9  section 707(b) can be granted only upon a "request by the United
10 States Trustee." See Fed. R. Bankr. P. 1017(e)(1). Once again, the
11 trustee here has no standing to seek this extension. To the extent
12 the motion for an extension pertains to a dismissal motion under
13 sections other than section 707(b), neither the Bankruptcy Code nor
14 the Bankruptcy Rules impose any deadline for filing such motions.
15 There is no need for an extension.
16     Fourth, the deadline set by Fed. R. Bankr. P. 4003(b) for
17 objecting to exemptions runs from the conclusion of the meeting of
18 creditors. All such objections must be filed no later than 30 days
19 after the conclusion of that meeting.
20     The docket indicates that the meeting was continued to January
21 30, 2006. Because the deadline for objections runs from the
22 conclusion of the meeting, there is no danger that the deadline will
23 expire before the trustee can examine the debtor. Therefore, in the
24 absence of some other reason for an extension of deadline for
25 objections, this aspect of the requested extension will be denied.
26     Bankruptcy Rule 4004(b) provides that the court may extend the
27 deadline for filing a complaint under section 727 for cause. The
28 motion must be filed before the deadline expires. The deadline in

1 | this case on January 3, 2006.  The stipulation was filed prior to
2 | January 3, 2006.  It is timely.
3 |     Given the stipulation for the extension, it is evidence the
4 | parties agree there is cause for an extension.  The court also
5 | agrees.  The current deadline will expire before the continued
6 | meeting of creditors on January 30, 2006.  The trustee is entitled to
7 | complete the examination of the debtor before being put to a decision
8 | regarding the filing of a discharge objection.  The court will grant
9 | this aspect of the requested extension in a separate order.
10 |     To the extent the court may have failed to perceive reasons not
11 | stated in the stipulation that may justify the extensions it has
12 | denied, the denial is without prejudice to the trustee to bring a
13 | noticed motion filed before the expiration of the applicable
14 | deadline.
15 |     A separate order will be entered.

Dated:    DEC 2 9 2005

                                                  Robert S. Bardwil
                                                United States Bankruptcy Judge